UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIK H. GORDON,

                      Plaintiff,

-against-

SOFTECH INTERNATIONAL, INC., and
JOHN DOES 1-10,

                      Defendants.



JUDGE BERMAN

10 CIV 5162

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED JUL 06 2010 S.D.N.Y. CASHIERS

Plaintiff Erik H. Gordon, by his undersigned attorneys, for his Complaint against Defendants Softech International, Inc., ("Softech"), and John Does 1-10 (collectively, the "Defendants"), alleges as follows:

## NATURE OF ACTION

1. This action arises out of Softech's procurement of Mr. Gordon's personal information from the New York State Department of Motor Vehicles ("New York DMV") and Softech's disclosure of that information to John Does 1-10 without Mr. Gordon's authorization in violation of the Federal Driver's Privacy Protection Act of 1994 (the "DPPA").

2. Softech is in the business of providing to its customers driver and vehicle registration information from all 50 states of the United States and from Puerto Rico, Guam and Canada. Softech states on its web site that it provides "instant driving records" and "instant vehicle registrations."

3. At the time of the events in question, Mr. Gordon resided in New York State and operated a vehicle registered with the New York DMV.

4. Upon information and belief, on or about October 12, 2009, Softech received a request from one of its customers, John Doe 1, seeking information associated with a license plate number of a vehicle registered to Mr. Gordon.

5. Softech submitted the license plate number to the New York DMV and requested information associated with that license plate number.

6. On or about October 12, 2009, the New York DMV responded to Softech's request and disclosed to Softech Mr. Gordon's confidential and personal information, including without limitation, Mr. Gordon's full name and date of birth.

7. Upon information and belief, on or about October 12, 2009 Softech disclosed Mr. Gordon's personal information to John Doe 1.

8. Mr. Gordon did not consent to Softech's procurement and disclosure of his personal information.

9. Upon information and belief, Softech procured and disclosed Mr. Gordon's personal information for a use not permitted under the DPPA.

10. From on or about October 12 through October 13, 2009, Mr. Gordon's mother and Mr. Gordon's assistant received menacing telephone calls from John Doe 1 and his accomplice, John Doe 2. Both men refused to identify themselves and threatened to take harmful action if Mr. Gordon refused to speak to them.

11. As a consequence of Softech's unauthorized and impermissible procurement and disclosure of Mr. Gordon's personal information to John Does 1 and 2, Mr. Gordon has suffered damages.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 2724.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims in this lawsuit occurred in the Southern District of New York.

## PARTIES

14. Plaintiff Erik H. Gordon is an individual residing in the State of New York.

15. Upon information and belief, Defendant Softech International, Inc., ("Softech") is a corporation organized and existing under the laws of the State of Florida with a principal place of business in Miami, Florida.

16. Upon information and belief, John Does 1-10 are customers of Softech who obtained Mr. Gordon's information from Softech and used it for a purpose not permitted under the DPPA.

## FACTS COMMON TO ALL CLAIMS

### I. Softech's Business

17. Softech is in the business of providing to its customers driver and vehicle registration information in return for a fee.

18. Softech states on its web site that it has "access to all 50 US State DMVs as well as Puerto Rico, Guam and Canada" and that it can provide "instant driving records" and "instant vehicle information."

19. Upon information and belief, Softech is able to obtain driver and vehicle registration information from all 50 states of the United States and from Puerto Rico, Guam and

3

Canada pursuant to contracts it enters into with the departments of motor vehicles from each respective jurisdiction.

20.     Upon information and belief, Softech has a contract with the New York DMV.

21.     Softech provides information relating to the DPPA on its web site in the 'Forms' section under the heading 'Compliance.'

22.     Upon information and belief, Softech is aware the DPPA prohibits the procurement or disclosure of personal information obtained from state departments of motor vehicles without authorization from the driver unless such information is procured or obtained according to a specifically enumerated "permissible use."

23.     Upon information and belief, Softech is aware the DPPA requires Softech to keep for five years records reflecting the identity of persons to whom Softech has disclosed personal information and the purpose for which such information was purportedly disclosed.

## II.     Softech Procures and Discloses Mr. Gordon's Personal Information

24.     At the time of the events in question, Mr. Gordon had a vehicle (the "Vehicle") registered under his name in the State of New York.

25.     On or about the evening of October 10, 2009, Mr. Gordon rode in the Vehicle in New York City.

26.     Upon information and belief, on or about October 10, 2009, John Doe 1 observed the Vehicle and recorded the Vehicle's license plate number.

27.     Upon information and belief, on or about October 12, 2009, John Doe 1 submitted a request to Softech seeking personal information based on the Vehicle's license plate number.

28.     On or about October 12, 2009, Softech used the Vehicle's license plate number to request and obtain motor vehicle records associated with the Vehicle from the New York DMV.

29. The motor vehicle records included Mr. Gordon's personal information, including his full name and date of birth.

30. The request for information from the New York DMV was made on behalf of account number 1129907, which is registered to Reid Rodriguez.

31. Upon information and belief, Reid Rodriquez is the Vice President of Softech.

32. Softech procured Mr. Gordon's personal information from the New York DMV without Mr. Gordon's knowledge, consent or authorization.

33. Upon information and belief, Softech procured Mr. Gordon's personal information for a use other than a permissible use under the DPPA.

34. Upon information and belief, on or about October 12, 2009, Softech disclosed Mr. Gordon's personal information to John Doe 1.

35. Upon information and belief, Softech disclosed Mr. Gordon's personal information to John Doe 1 without Mr. Gordon's knowledge, consent or authorization.

36. Upon information and belief, Softech disclosed Mr. Gordon's personal information for a use other than a permissible use under the DPPA.

### III. Mr. Gordon's Assistant and Mother Receive Threatening Telephone Calls

37. On or about October 12, 2009, at approximately 6:30 p.m., Mr. Gordon's personal assistant received a telephone call on his cell phone from John Doe 1. John Doe 1 referenced Mr. Gordon's personal information, including his prior residential address, and threatened to cause Mr. Gordon harm if Mr. Gordon refused to speak with John Doe 1.

38. On or about October 12, 2009 Mr. Gordon's mother received a telephone call at her home from John Doe 1. John Doe 1 threatened to cause Mr. Gordon harm unless Mr. Gordon agreed to speak with John Doe 1.

39. On or about October 13, 2009 Mr. Gordon's personal assistant received another telephone call on his cell phone. This call was from John Doe 1's accomplice, John Doe 2. John Doe 2 indicated that he had knowledge of Mr. Gordon's personal information and threatened to cause Mr. Gordon harm unless he agreed to speak with John Doe 2.

40. Fearing for his safety, Mr. Gordon expended substantial sums of money in an effort to protect himself, his family and his employees and to improve their overall security.

### IV. The Freedom of Information Law Request

41. Following these events, Mr. Gordon, acting through an agent, made a request under New York's Freedom of Information Law ("FOIL"), seeking information from the New York DMV relating to any disclosures of Mr. Gordon's personal information.

42. In response to Mr. Gordon's FOIL request, the New York DMV provided documents that indicated that, on October 12, 2009 at 4:21 p.m., a dial-in search was submitted to the New York DMV relating to the license plate number for the Vehicle.

43. According to the documents received in response to the FOIL request, the search was requested through an account registered to Reid Rodriguez, the Vice President of Softech. The documents also revealed that the New York DMV had disclosed Mr. Gordon's full name and date of birth to Softech.

### V. Mr. Gordon's Communications with Softech

44. Since learning of Softech's disclosure of his personal information, Mr. Gordon has made various attempts to communicate with Softech to ascertain the identity of John Doe 1 and the purported use for which he requested Mr. Gordon's personal information.

6

45. On January 26, 2010, one of Mr. Gordon's agents sent an e-mail to Softech, requesting more information concerning Softech's disclosure of Mr. Gordon's personal information.

46. In response to the e-mail, Ms. Lourdes Saenz, a Softech employee, directed Mr. Gordon's agents to make its request by letter to Softech's Records Dispute Division.

47. On March 1, 2010, Mr. Gordon's counsel sent a letter to Softech's Records Dispute Division seeking more information concerning Softech's disclosure of Mr. Gordon's personal information.

48. Softech failed to respond to the March 1, 2010 letter.

49. On April 13, 2010, Mr. Gordon's counsel sent a second letter directly to Ms. Saenz and sent a copy of the letter to Softech's Records Dispute Division.

50. As of the date of this Complaint, Softech has failed to respond to both the March 1 and the April 13 letters.

51. On April 29, 2010, Mr. Gordon's counsel called Ms. Saenz during regular business hours. Ms. Saenz failed to answer her phone, and Mr. Gordon's counsel left a voice mail message asking Ms. Saenz to return his call.

52. Neither Ms. Saenz nor anyone else from Softech returned the April 29 call.

53. On May 6, 2010, Mr. Gordon's counsel called Ms. Saenz during regular business hours and left another voice mail message.

54. Neither Ms. Saenz nor anyone else from Softech returned the May 6 call.

55. On May 12, 2010, Mr. Gordon's counsel again called Ms. Saenz during regular business hours. Ms. Saenz answered her phone. Mr. Gordon's counsel inquired about Mr. Gordon's prior requests for information concerning Softech's disclosure of Mr. Gordon's

personal information. Ms. Saenz falsely claimed that she had responded to Mr. Gordon directly. Ms. Saenz then claimed that Softech's file did not contain Mr. Gordon's counsel's prior letters and asked him to fax her a copy of the April 13 letter. Ms. Saenz promised to call Mr. Gordon's counsel immediately upon receiving the fax.

56. On May 12, 2010, Mr. Gordon's counsel faxed Ms. Saenz a copy of his April 13 letter per her request and received confirmation that the fax was transmitted successfully.

57. Despite receiving the fax she had requested, Ms. Saenz failed to contact Mr. Gordon's counsel as promised.

58. On May 14, 2010, Mr. Gordon's counsel called Ms. Saenz during regular business hours and left another voice mail message.

59. Neither Ms. Saenz nor anyone else from Softech returned the May 14 call.

60. On May 19, 2010, Mr. Gordon's counsel called Ms. Saenz and left another voice mail message.

61. Neither Ms. Saenz nor anyone else from Softech returned the May 19 call.

62. On May 25, 2010, Mr. Gordon's counsel called Ms. Saenz and left another voice mail message.

63. Neither Ms. Saenz nor anyone else from Softech returned the May 25 call.

64. As of the date of this Complaint, no one from Softech has returned any of Mr. Gordon's counsel's six voice mail messages, responded to his fax or replied to his two letters.

## FIRST CLAIM FOR RELIEF:
## VIOLATION OF THE DRIVER'S PRIVACY
## PROTECTION ACT (18 U.S.C. §§ 2721 et seq.)
### (Against All Defendants)

65. Mr. Gordon repeats and realleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

66. Upon information and belief, Softech has a contract with the New York DMV.

67. Upon information and belief, on or about October 12, 2009, Softech procured Mr. Gordon's personal information from the New York DMV.

68. Mr. Gordon did not consent to Softech's procurement of his personal information from the New York DMV.

69. Upon information and belief, Softech procured Mr. Gordon's personal information from the New York DMV for a use that was not a permissible use under the DPPA.

70. Upon information and belief, Softech disclosed Mr. Gordon's personal information to John Doe 1.

71. Mr. Gordon did not consent to Softech's disclosure of his personal information to John Doe 1.

72. Upon information and belief, Softech disclosed Mr. Gordon's personal information to John Doe 1 for a use that was not a permissible use under the DPPA.

73. Upon information and belief, Softech has failed to keep records of the identity of the recipient of Mr. Gordon's personal information and the purpose for which it was requested.

74. Softech's unlawful procurement and disclosure of Mr. Gordon's personal information and its failure to maintain related records have caused Mr. Gordon damages, including emotional harm and substantial professional fees.

75.     The unlawful use of Mr. Gordon's personal information by John Does 1-10 has caused Mr. Gordon damages, including emotional harm and substantial professional fees.

76.     Upon information and belief, Softech and John Does 1-10 violated the DPPA willfully or recklessly.

WHEREFORE, Plaintiff Eric H. Gordon prays for judgment against Defendants as follows:

1.     Granting Mr. Gordon damages, in an amount to be proven at trial, sustained as a result of Defendants' violations of the DPPA, together with appropriate interest thereon;

2.     Granting Mr. Gordon punitive damages pursuant to 18 U.S.C. § 2724(b)(2);

3.     Granting Mr. Gordon his full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 18 U.S.C. § 2724(b)(3); and

4.     Granting Mr. Gordon such other and further relief as the Court may consider equitable, just and proper.

## JURY DEMAND

Mr. Gordon demands that his claims be tried to a jury pursuant to the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rule of Civil Procedure.

Dated: New York, New York
July 6, 2010

SHER LLP

By: _____
Justin M. Sher
Valerie A. Gotlib
41 Madison Avenue, 41st Floor
New York, New York 10010
Tel: 212.202.2600
E-mail: justin.sher@sherllp.com

*Attorneys for Plaintiff Erik H. Gordon*