Judith A. Lockhart, Esq.
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
212-238-8603
212-732-3232 (Fax)
lockhart@clm.com
Attorneys for Softech International, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIK H. GORDON,<br><br>             Plaintiff,<br><br>      -against-<br><br><br>SOFTECH INTERNATIONAL, INC.,<br>and JOHN DOES 1-10,<br><br>             Defendants. | Case No.: 10-CIV-5162 (RMB) |

## ANSWER OF SOFTECH INTERNATIONAL, INC.

Defendant, Softech International, Inc. ("Softech") submits its Answer to the Complaint of

Erik H. Gordon ("Gordon") filed herein:

    1.    Softech denies the allegations contained in paragraph 1 of the Complaint.

    2.    Softech admits the allegations contained in paragraph 2 of the Complaint.

    3.    Softech lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 3 of the Complaint and therefore denies the

same.

1

6665052.1

4.      Softech denies the allegations contained in paragraph 4 of the Complaint.  Softech released a record to an existing customer, but as described in the Complaint, that customer is not John Doe #1.

5.      Softech admits the allegations contained in paragraph 5 of the Complaint.

6.      Softech denies the allegations contained in paragraph 6 of the Complaint.

7.      Softech disclosed a requested report to an existing customer.  Softech denies that this customer is "John Doe #1".  Softech denies the remaining allegations contained in paragraph 7 of the Complaint.

8.      Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and denies the same. However, generally, permissible purposes under the Drivers Privacy Protection Act, 18 U.S.C. §2721, ("DPPA") do not require the consent of the subject, i.e., Mr. Gordon.

9.      Softech denies the allegations contained in paragraph 9 of the Complaint.

10.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint and denies the same.

11.     Softech denies the allegations contained in paragraph 11 of the Complaint.

12.     Softech admits the allegations contained in paragraph 12 of the Complaint.

13.     Softech denies the allegations contained in paragraph 13 of the Complaint.

14.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint and denies the same.

15.     Softech admits the allegations contained in paragraph 15 of the Complaint.

2

6665052.1

16.     Softech denies the allegations contained in paragraph 16 of the Complaint. Softech does admit that an existing customer did request information on a vehicle evidently owned by Gordon.

17.     Softech admits the allegations contained in paragraph 17 of the Complaint.

18.     Softech admits the allegations contained in paragraph 18 of the Complaint.

19.     Softech admits the allegations contained in paragraph 19 of the Complaint.

20.     Softech admits the allegations contained in paragraph 20 of the Complaint.

21.     Softech admits the allegations contained in paragraph 21 of the Complaint.

22.     Softech admits the allegations contained in paragraph 22 of the Complaint. Softech is aware of 14 categories of permissible purposes under the DPPA.  Only one of which (#11) requires the consent of the subject.

23.     Softech admits that it is aware of this provision of the DPPA as set forth in paragraph 23 of the Complaint.

24.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint and denies the same.

25.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 25 of the Complaint and denies the same.

26.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 26 of the Complaint and denies the same.

27.     On or about October 12, 2009, Softech received a request from an existing customer for records on a vehicle evidently owned by Gordon.  To that extent, Softech admits

6665052.1

the allegations contained in paragraph 27 of the Complaint, but the customer was not John Doe #1.

28.   Softech admits the allegations contained in paragraph 28 of the Complaint.

29.   Softech admits the allegations contained in paragraph 29 of the Complaint.

30.   Softech admits the allegations contained in paragraph 30 of the Complaint. Softech further admits that its contract with the State of New York is registered under the name of Reid Rodriguez, an officer of Softech.

31.   Softech admits the allegations contained in paragraph 31 of the Complaint.

32.   Softech lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegation contained in paragraph 32 of the Complaint and denies the same.

33.   Softech denies the allegations contained in paragraph 33 of the Complaint. Softech only requests information after an existing customer has certified its permissible purpose for the request under the DPPA.

34.   Softech denies the allegations contained in paragraph 34 of the Complaint.  On or about October 12, 2009, Softech disclosed vehicle information to an existing customer.  Based upon the description of John Doe #1 in the Complaint, Softech denies that it released records to John Doe #1.

35.   Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 and denies the same.

36.   Softech denies the allegations contained in paragraph 36 of the Complaint.

37.   Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint and denies the same.

4

38.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint and denies the same.

39.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint and denies the same.

40.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint and denies the same.

41.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint and denies the same.

42.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint and denies the same.

43.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint and denies the same.

44.     Softech denies the allegations contained in paragraph 44 of the Complaint.  Mr. Gordon wrote one letter to Softech dated January 29, 2010 to which Softech responded via certified mail to Mr. Gordon on February 4, 2010.

45.     On or about January 26, 2010, Softech received an email from Richard Chapman of Insite Security, Inc. of New York City. That email did not indicate that he or Insite Security was an agent of Gordon.  Softech responded the same day and gave Mr. Chapman an address to which its unnamed client could write requesting the information.  Softech denies any remaining allegations contained in paragraph 45 of the Complaint.

46.     Softech denies the allegations contained in paragraph 46 of the Complaint. Rather Ms. Saenz stated what their unnamed client could do to obtain the requested information.

5

47.     Softech has no record of receiving a letter described in paragraph 47 of the Complaint and therefore denies the same.

48.     Softech has no record of receiving such letter as described in paragraph 47 of the Complaint and therefore Softech could not "fail to respond."   Therefore, Softech denies the allegation contained in paragraph 48 of the Complaint.

49.     Softech has no record of receiving the letter described in paragraph 49 of the Complaint and therefore denies the same.   A letter dated April 13, 2010 was faxed by counsel of record for Gordon on May 12, 2010.   However in such letter attorney Sher states that his client is Insite Security, Inc., not Mr. Gordon.

50.     Softech has no record of receiving such letter as described in paragraphs 47 and 49 of the Complaint and therefore Softech could not "fail to respond."   Therefore, Softech denies the allegation contained in paragraph 50 of the Complaint.

51.     Softech admits that someone claiming to be counsel for Insite Security did call. Softech did not respond because it could not release the requested information.   The remaining allegations of paragraph 51 are denied.

52.     Softech admits the allegations contained in paragraph 52 of the Complaint.

53.     Softech admits that someone claiming to be counsel for Insite Security did call. Softech did not respond because it could not release the requested information.   The remaining allegations of paragraph 53 are denied.

54.     Softech admits the allegation contained in paragraph 54 of the Complaint.

55.     Softech did receive a call from someone claiming to be Insite Security's counsel. Softech admits that it did tell that person that it had already communicated with Mr. Gordon

6

directly (the letter of February 4, 2010) and it did not receive either letter purportedly to have been sent by Mr. Sher.  Ms. Saenz also told the caller that the driver needed to contact Softech to obtain information.  At that time both Gordon and attorney Sher had been informed by Softech of what needed to be done to obtain the requested information.  Softech denies the remaining allegations contained in paragraph 55 of the Complaint.

56.    Softech admits that it received a fax containing a letter dated April 13, 2010 from Justin Sher, counsel for Insite Security, but denies the remaining allegations in paragraph 56 of the Complaint.

57.    Softech admits that Mr. Sher was not contacted because Softech could not release information to Insite Security.

58.    Softech admits that someone claiming to be counsel for Insite Security did call. Softech did not respond because it could not release the requested information.  The remaining allegations of paragraph 58 are denied.

59.    Softech admits the allegations contained in paragraph 59 of the Complaint.

60.    Softech admits that someone claiming to be counsel for Insite Security did call. Softech did not respond because it could not release the requested information.  The remaining allegations of paragraph 60 are denied.

61.    Softech admits the allegations contained in paragraph 61 of the Complaint.

62.    Softech admits that someone claiming to be counsel for Insite Security did call. Softech did not respond because it could not release the requested information.  The remaining allegations of paragraph 62 are denied.

63.    Softech admits the allegations contained in paragraph 63 of the Complaint.

64.     Softech admits the allegations contained in paragraph 64 of the Complaint except that the calls were from a person claiming to represent Insite Security.  Softech would further state that it never received a response from Mr. Gordon authorizing that Softech do anything or authorizing anyone to act upon his behalf.

65.     Softech re-alleges and reaffirms its answers to paragraphs 1-64 of the Complaint.

66.     Softech admits the allegations contained in paragraph 66 of the Complaint.

67.     Softech admits that it obtained a record from the State of New York that contained some personal information, as defined by the DPPA, regarding the Plaintiff.

68.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint and denies the same.

69.     Softech denies the allegations contained in paragraph 69 of the Complaint.

70.     Softech denies the allegations contained in paragraph 70 of the Complaint. Softech further states that it disclosed information to an existing customer, but based upon the description of John Doe #1 in the Complaint, Softech denies that it released records of John Doe #1.

71.     Softech lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint and denies the same.

72.     Softech denies the allegations contained in paragraph 72 of the Complaint. Softech further states that it disclosed information to an existing customer, but based upon the description of John Doe #1 in the Complaint, Softech denies that it released records to John Doe #1.

73.     Softech denies the allegations contained in paragraph 73 of the Complaint.

74.    Softech denies the allegations contained in paragraph 74 of the Complaint.

75.    Softech denies the allegations contained in paragraph 75 of the Complaint.

76.    Softech denies the allegations contained in paragraph 76 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon relief can be granted.

2.    Softech followed its obligations and duties under the DPPA.

3.    Any damages suffered by Plaintiff were not attributable to Softech, but due to intervening causes and actors.

4.    The report in question was obtained for a permissible purpose under the DPPA.

5.    Venue is inappropriate.


Respectfully submitted,

By: _____

Judith A. Lockhart
**Carter Ledyard & Milburn, LLP**
2 Wall Street
New York, NY  10005-2072
(212) 732-3200
(212) 732-3232 (facsimile)
Email:  lockhart@clm.com
ATTORNEYS FOR SOFTECH
INTERNATIONAL, INC.

9

6665052.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC H. GORDON,                                    :
                                                   :   Case No.:  10-CIV-5162 (RMB)
                              Plaintiffs,           :
                                                   :
                  - against -                       :   AFFIDAVIT OF MAILING
                                                   :
SOFTECH INTERNATIONAL, INC.,                       :
and JOHN DOES 1-10,                                :
                                                   :
                              Defendants.            :
------------------------------------------------------------X

STATE OF NEW YORK  )
                                    ss.:
COUNTY OF NEW YORK )

        EDURIN COLON, being duly sworn, deposes and says:

        1. I am over the age of eighteen years and am not a party to this action.

        2. On Friday, September 17, 2010, I mailed a true and correct copy of the annexed, ANSWER OF SOFTECH INTERNATIONAL, INC., by placing the same in a first class post-paid envelope addressed:

                JUSTIN M. SHER
                Valerie A. Gotlib
                Sher LLP
                41 Madison Avenue, 41st Floor
                New York, New York 10010

        3. On said day, I deposited said envelope in a mail depository controlled and maintained by the Unite States Post Office located at 25 Broadway, New York,  New York, to be dispatched by first class mail.

                                            Edurin Colon

Sworn to before me this

17th day of September, 2010.

_____
Notary Public.

DENNIS MURPHY
Notary Public, State of New York
No. 31-01MU4644752
Qualified in New York County
Commission Expires March 30, 2011