15-1635
Gordon v. Arcanum Investigations Inc., et al.

N.Y.S.D. Case #
10-cv-5162(RMB)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of April, two thousand sixteen.

Present:  ROSEMARY S. POOLER,
          DEBRA ANN LIVINGSTON,
          RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 06, 2016

_____

ERIK H. GORDON,

       *Plaintiff-Appellant*,

      v.                                                                15-1635-cv

ARCANUM INVESTIGATIONS, INC., DAN COHN,

       *Defendants-Cross-Claimants-Cross-Defendants-Appellees*.[1]

_____

Appearing for Appellant:    Justin M. Sher (Erica A. Wolff, *on the brief*), Sher Tremonte LLP, New York, NY.

Appearing for Appellees:    Gregory Saracino (James Plousadis, *on the brief*), Milber, Makris, Plousadis & Seiden, LLP, White Plains, NY.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Erik H. Gordon appeals from the April 30, 2015 judgment entering a jury verdict in favor of defendants-appellees Arcanum Investigations, Inc. and Dan Cohn. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In 2009, non-party defendant Aron Leifer obtained a license plate number registered to a car owned by Gordon. Defendant-appellee Arcanum Investigations, Inc., a private investigation firm owned by defendant-appellee Dan Cohn, operates a website called Docusearch.com and acts as a "second-tier" reseller of state motor vehicle department ("DMV") records. Docusearch.com had an agreement with another company, Softech International, Inc., a Florida corporation that purchases information from DMVs and sells it to clients such as Arcanum. Leifer used Docusearch.com to obtain the name and address of Gordon. Leifer allegedly opened an account with Docusearch.com under the alias "Jack Loren," and claimed to be employed by a nonexistent company called "Bodyguards.com." While Leifer paid for the service with a credit card, he said the name on the credit card was "Jack Loren," which was not the name that was actually on the credit card. After obtaining Gordon's name and address, Leifer then allegedly placed a number of "threatening" and "harassing" phone calls to individuals associated with Gordon. Gordon subsequently filed this action in the district court for the Southern District of New York (Berman, *J.*) claiming that defendants-appellees Arcanum and Dan Cohn breached their duty of reasonable care under the Driver's Privacy Protection Act of 1994 ("DPPA").

After a trial, a jury returned a verdict in favor of defendants-appellees. Gordon appeals from the judgment entered in connection with the jury's verdict, alleging that the district court's conduct was prejudicial against him, that the district court abused its discretion in connection with several evidentiary rulings, and that he was otherwise denied a fair trial. We find no merit in any of Gordon's claims.

Gordon first argues that the district court asked a number of questions and made inappropriate comments during his counsel's opening statement and Gordon's testimony. A jury verdict can be reversed if "the judge's behavior was so prejudicial that it denied [a party] a fair . . . trial." *Manganiello v. City of New York*, 612 F.3d 149, 169 (2d Cir. 2010) (alteration in original) (internal quotation marks omitted). While a court may not express its "opinion on an ultimate issue of fact in front of the jury or [argue] for one of the parties[,]" *id.*, the court retains the discretion to "interpose relevant questions to witnesses to clarify both legal and factual issues and thus minimize possible confusion in the jurors' minds," *Care Travel Co. v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 991 (2d Cir. 1991) (internal quotation marks omitted). The comments Gordon complains of are simply not prejudicial. For example, Gordon complains that the judge interrupted his counsel during his opening statement when counsel described to the jury that a "stranger" had obtained Gordon's personal information. The district court interrupted and simply asked, "Just for clarity, we mean Mr. Leifer, by the stranger?" App'x at 308. This

question evokes no bias or prejudice; instead, it seems the district court's intention was to ensure that "the facts [were] clearly presented" to the jury. *Care Travel Co.*, 944 F.2d at 991. Judges are permitted to "summarize the evidence for the jury and, if he [or she] chooses, . . . comment on it" and may also "interpose relevant questions to witnesses to clarify both legal and factual issues and thus minimize possible confusion in the jurors' minds." *Id.*(internal quotation marks omitted). The questions and comments that Gordon challenges do not indicate that the court was "challenging the credibility of the witnesses," *United States v. Victoria*, 837 F.2d 50, 54 (2d Cir. 1988), or that the court was "communicat[ing] to the jury its impressions that . . . testimony was unworthy of belief," *United States v. Mazzilli*, 848 F.2d 384, 388 (2d Cir. 1988). Even if any of the court's comments was remotely prejudicial, the court issued at least two curative instructions to the jury to ensure that they did not draw adverse inferences from any comments that the district court made during the trial.

Gordon also challenges the district court's decision to admit the testimony of one of the defendants-appellees' expert witnesses, Patrick O'Leary, who was an expert in credit-card vending transactions. A "trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962). Because O'Leary's testimony was relevant as to whether Cohn exercised reasonable care when accessing Gordon's personal DMV records, we find no merit to Gordon's argument that the admission of his testimony was "manifestly erroneous."

Gordon also complains of two decisions made by the district court that bear on the issue of damages in the case. First, he argues the district court erred by precluding the testimony of Gordon's proposed expert witness Philip Kleckner, who was to testify about Gordon's future damages. Second, he argues the district court erroneously instructed the jury that it should not consider "emotional injury" when assessing damages. Because the jury did not find defendants liable, it never reached the issue of damages. Thus, even if either of these decisions was erroneous, they are moot. *See Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir. 1995).

Gordon also challenges several other instructions the court delivered to the jury regarding the following issues: (1) "impermissible purpose"; (2) strict liability; and (3) proximate causation. "It is well established that the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation marks omitted).

The first two instructions were relevant clarifications, as this court held in a prior appeal involving this case that the DPPA was not a strict liability statute, and thus, while the jury had to find that the information was disclosed for an "impermissible purpose," this was, not by itself, sufficient to find a violation of the DPPA. *See Gordon v. Softech Int'l., Inc.*, 726 F.3d 42, 50 (2d Cir. 2013) ("*Gordon I*") (holding that "a strict liability standard is inconsistent with the DPPA as a whole"). Instead, the jury had to find not only that the information was disclosed for an "impermissible purpose," but also that defendants-appellees breached their duty of reasonable care under the DPPA.

3

Gordon's complaint that the judge erred by instructing the jury that the disclosure had to have proximately caused Gordon's alleged injuries also has no merit. In holding that defendants had a duty of reasonable care under the DPPA, this Court implicitly held that the statute imposed a negligence standard for liability. *See Gordon I*, 726 F.3d at 54 (noting that "the [DPPA's] use of the word 'knowingly' is not inconsistent with the notion that some duty of care exists . . . . [and that] [n]egligence law in particular frequently invokes the concept of constructive knowledge when deciding whether a particular outcome was foreseeable"). Indeed, it is well-established law that in order to prove that a defendant is liable for negligent conduct, the plaintiff must show proximate causation. *See, e.g.*, *Sawyer v. Wight*, 196 F. Supp. 2d 220, 227 (E.D.N.Y. 2002) ("To prove causation, plaintiffs must show that breach of a duty was both the cause in fact and proximate cause of their injury."). Thus, the district court's instruction did not "mislead[] the jury as to the correct legal standard or . . . [in]adequately inform the jury on the law." *LNC Invs., Inc. v. First Fidelity Bank, N.A. New Jersey*, 173 F.3d 454, 460 (2d Cir. 1999).

We have considered the remainder of Gordon's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4